GEORGE C. SPRAGUE, complainant-appellant,

*v.*

EYPPER & BECKMANN, INCORPORATED, defendant-respondent.

[Submitted February term, 1933. Decided May 15th, 1933.]

*Mr. Raymond E. Lippincott,* for the complainant-appellant.

*Mr. William J. Morrison, Jr.,* for the defendant-respondent.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis.

The facts in this case are that the complainant, who is the appellant here, entered into a contract with the defendant for the purchase of a tract of land in Bergen county along the Palisades. The respondent caused a map to be made by a surveyor which it believed was correct in every respect. There

is no claim in the case that respondent intentionally deceived the appellant. The contract for the sale of this property provided that the deed should be delivered on April 1st or earlier at the vendor's option provided the vendor gave two weeks' notice to the purchaser in writing with the further provision that the time, under the terms therein stated, might be extended. The agreement for sale was dated February 18th, 1927, and the deed was delivered on March 25th and acknowledged and recorded the same day. The purchaser in this case is a member of the New York bar. The agreement set forth the price to be paid as follows: "It is understood and agreed that the within described property is sold at the rate of six thousand five hundred dollars ($6,500) per acre, and should a survey disclose a greater or less acreage, then the total price is to be fixed accordingly." The contract set forth in a subsequent paragraph the following terms as to price: "The price is forty-seven thousand one hundred thirty-one and 50/100 dollars, payable as follows," and then continues to state the amount of money to be paid on the signing of the contract and the delivery of the deed and the assumption of a certain mortgage. It appears that about five weeks elapsed between the signing of the contract, and the delivery of the deed and payment of the purchase price, during which time the vendee had suitable opportunity to have a survey made of the property and ascertain the correct acreage. This he failed to do. He took the title on the basis of the acreage stated in the agreement and on the map annexed thereto. Nothing was said by the purchaser until he attempted to sell the property about June 1st, 1929, over two years after he had purchased the same. He then entered into a contract for its sale and the prospective purchaser employed a title company to search the title. This search disclosed a shortage in acreage, as a result of which this suit was instituted by the appellant. There was no covenant in the deed as to quantity, there was nothing in the contract which placed upon the vendor the duty of making a new survey.

The court of chancery dismissed the bill of complaint. We are, therefore, of the opinion that the vice-chancellor reached the right result in this case both for the reasons expressed in

his opinion reported in *108 N. J. Eq. 239,* and for the further reason that when the vendee accepted the deed and paid the purchase price he thereupon took the title as to quantity at his own risk, and he could not thereafter complain, as no fraud or mistake was proven or alleged in this case. This is the rule laid down in the case of *Long* v. *Hartwell, 34 N. J. Law 116,* which has been cited with approval by this court in a number of cases. The court in *Long* v. *Hartwell* said:

"Until consummated, an executory contract is subject to modification. In all cases, the deed when accepted is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The acceptance of a deed conveying the whole premises without the covenant as to quantity, or against encumbrances, raises the presumption that the grantee agreed to take title at his own risk as to quantity or encumbrances, or he would have rejected it."

The court further said in that case:

"The rule to be deduced from the authorities is, that the executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one."

We are of the opinion that such was the situation in this case and that the deed was accepted by the appellant and the purchase price paid by him as embracing the entire transaction. Appellant also appeals from the allowance of a counsel fee of $500 allowed the respondent by the court below. There appears to be nothing in the case which enables us to decide that this allowance was excessive.

The decree of the court of chancery is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—HEHER, VAN BUSKIRK, DILL, JJ. 3.